# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LIAN J. ROSS,** | ) |
| Plaintiff, | ) Case No. 7:21CV00090 |
| v. | ) **OPINION** |
| **VIRGINIA DEPT OF CORRETIONS, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Lian J. Ross, Pro Se Plaintiff;* Laura Maughan, OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants.*

The plaintiff, Lian J. Ross, a Virginia inmate proceeding pro se, filed this civil rights action against certain prison officials. In his Second Amended Complaint, Ross alleges that officials assigned him to housing inappropriate for his mental health or to units where he was subject to harsh living conditions or potential abuse by other inmates. The matter is presently before me on the defendants' Motion to Dismiss, or in the alternative, Motion for More Definite Statement. After review of the record, I conclude that this case must be dismissed because Ross has failed to prosecute.

As stated, the defendants have filed a Motion to Dismiss. The court notified Ross of the defendants' motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond to the motion within the

allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice. The time allotted for his responses to the defendants' motion has elapsed, and he has not submitted any responses to the arguments raised in these motions.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP., 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")), *R. & R. adopted*, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012). When considering dismissal for failure to prosecute, the court must take into account four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in defendants' favor, Rule 41(b) gives the court discretion to specify that the

dismissal is without prejudice. *Payne ex rel. Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

As stated, Ross has failed to file any response to the arguments in the defendants' motion and has not moved for additional time to respond. From review of the record, I find that while Ross may be personally responsible for failing to comply with the court's Notice despite being warned of impending dismissal of his case without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants. Therefore, I conclude that dismissal without prejudice is an appropriate sanction for his failure to prosecute this action. Accordingly, I will dismiss the case without prejudice and dismiss the pending motions without prejudice.

A separate Order will enter herewith.

DATED: December 9, 2022

/s/  JAMES P. JONES
Senior United States District Judge